USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/9/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SALINA WILLIFORD,

                       Plaintiff,

-against-

FIREWORK; HR CHIEF MS. DEBORAH VUE,

                       Defendants.

24 Civ. 2335 (JHR)

ORDER OF SERVICE

---

JENNIFER H. REARDEN, United States District Judge:

    Plaintiff brings this *pro se* action under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297. She alleges that her employer discriminated against her based on her race and sex. By order dated April 29, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendants Firework (doing business as Loop Technologies) and Deborah Vue through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff. The Clerk of Court is further instructed to issue summonses for Defendants Firework (doing business as Loop Technologies) and Deborah Vue, complete the USM-285 form with the address for each Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   May 9, 2024
         New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

**DEFENDANT AND SERVICE ADDRESS FOR EACH DEFENDANT**

1. Firework dba Loop Technologies
   234 Seventh Avenue
   San Mateo, CA 94401

2. Deborah Vue
   Chief of Human Resources
   Firework dba Loop Technologies
   234 Seventh Avenue
   San Mateo, CA 94401